UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY ARLAND MITCHELL,

    Plaintiff,

v.

Case No. 23-11347
Hon. Jonathan J.C. Grey

HATATU ELUM, ET AL,

    Defendants.
_____/

**<u>OPINION AND ORDER SUMMARILY DISMISSING CASE</u>**

**I.    INTRODUCTION**

This is a pro se prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff Gary Arland Mitchell ("Mitchell") is currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan ("Cotton Facility"). Mitchell sued the library supervisor at his facility, the Warden's administrative assistant, a grievance administrator, and ten unidentified defendants. Mitchell asserts that Defendants denied him law library access to prepare for a domestic-relations proceeding in the Washtenaw Circuit Court. For the reasons stated below, the Court **SUMMARILY DISMISSES** the case for failure to state a claim.

1

## II.   BACKGROUND

Mitchell is a state inmate at the Cotton Facility. (ECF No. 1, PageID.2, 5.) He claims that on February 5, 2023, he received an order from the Washtenaw Circuit Court to participate in a Friend of the Court proceeding over video, scheduled for February 21, 2023. (*Id.*, PageID.7.) The hearing involved parenting time and visitation with his son. (*See Id.*, PageID.10.)

Mitchell claims that on February 6, 2023, he sent a written request to Defendant Hatatu Elum ("Elum"), the library supervisor, to schedule time to conduct legal research in preparation for the proceeding. (*Id.*, PageID.7.) Elum did not respond to the request. (*Id.*) On February 10, 2023, Mitchell complained to Defendant Napier, the Warden's administrative assistance, but he again received no response. (ECF No. 1, PageID.7.)

On February 16, 2023, Mitchell personally spoke with Elum, but she refused to schedule him for library time. (*Id.*) On February 21, 2023, Mitchell participated in the hearing without having had the opportunity to conduct legal research. (*Id.*, PageID.8.)

2

Mitchell claims that he has since learned of state laws related to prisoners and parenting time that would have aided him during the proceeding. (*Id.*, PageID.10.) He asserts that this resulted in the loss of possible phone time or visitation with his son. (*Id.*) He also asserts that he was unable to obtain information that he could have used to provide VA benefits for his son. (*Id.*) Mitchell seeks damages and costs, and an order compelling Defendants to give his library requests priority when the schedule is made. (*Id.*, PageID.10.)

### III. LEGAL STANDARDS

#### a. Standard of Review

Under the Prison Litigation Reform Act ("PLRA"), the Court is authorized to sua sponte dismiss a prisoner complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that (i) he was deprived of a right, privilege, or immunity secured by the federal

Constitution or laws of the United States, and (ii) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–156 (1978).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### b. First Amendment Access to Courts

It is well established that prisoners have a First Amendment right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The

right of access prohibits prison officials from erecting barriers that may impede the inmate's access to the courts. *Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992). In order to state a viable claim for interference with his access to the courts, a plaintiff must show an "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). *See also Knop*, 977 F.2d at 1000. A plaintiff must plead and demonstrate that the official interference hindered his efforts to pursue a non-frivolous legal claim. *Lewis*, 518 U.S. at 351–353; *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

The Supreme Court, however, has strictly limited the types of cases for which there may be an actual injury. *Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355 (emphasis in original).

5

## IV. ANALYSIS

Mitchell fails to plead a cognizable injury to support an access-to-the-courts claim because he had no constitutional right to access the law library to prepare for a domestic-relations proceeding. *See Glover v. Johnson*, 75 F.3d 264, 269, 269 n.3 (6th Cir. 1996) (concluding that correctional employees were not constitutionally required to provide women prisoners free legal assistance, an adequate law library, or paralegal help in parental rights matters as "such assistance is only required in post-conviction, habeas corpus, and civil rights matters involving the prisoner's custodial situation or constitutional claims personally involving the prisoner"). *See also Spears v. El Dorado Cnty. Cts.*, No. 16-CV-2655, 2019 WL 3202802, at *4 (E.D. Cal. July 16, 2019) (finding that granting an incarcerated person leave to amend his access to courts claim would be futile where he seemed to "claim that he was denied access to courts during his divorce proceedings and family law matters related to his children and assets" because the right to access courts is only a right to present criminal appeals, habeas corpus actions, and § 1983 suits to the court); *Rice v. Turner*, No. 17CV2684, 2018 WL 3067767, at *6 (N.D. Ohio June 21, 2018) (citing *Lewis*, 518 U.S. at 355)

6

("Plaintiff is not guaranteed access to the courts for a domestic relations actions."); *Dopp v. W. Dist. of Okla.*, 105 F. App'x 259, 260 (10th Cir. 2004) (citing *Lewis*, 518 U.S. at 356) (finding that the injury requirement for an access to courts claim is satisfied when "prisoners are prevented from attacking their sentences or challenging the conditions of their confinement"). Because Mitchell fails to plead facts indicating that he suffered an "actual injury" under *Lewis*, the complaint fails to state a claim.

## V. CONCLUSION

Accordingly, under 42 U.S.C. § 1915(e)(2), the Court **SUMMARILY DISMISSES** the complaint for failure to state a claim.

**SO ORDERED**.

Dated: February 3, 2025

**s/ Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

7

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 3, 2025.

                         s/ **S. Osorio**
                         Sandra Osorio
                         Case Manager